IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Martin Mitchell, | ) | Civ. No. 11-00088 HG-KSC |
|     Plaintiff, | ) | |
| vs. | ) | |
| United States of America;<br>Pacific Fleet Submarine<br>Memorial Association, also<br>known as or doing business as<br>USS Bowfin Submarine Museum<br>and Park, | ) | |
|     Defendants. | ) | |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS WITH LEAVE TO AMEND**

On February 4, 2011, Plaintiff Martin Mitchell filed a Complaint alleging that he was injured while attempting to sit on a gun turret that was on display at the USS Bowfin Submarine Museum and Park. Plaintiff claims that the United States of America and the Pacific Fleet Submarine Memorial Association, which operates the USS Bowfin Submarine Museum and Park, are liable for negligently failing to properly guard the gun turret, post warning signs, or otherwise take action to correct an unreasonable risk of harm presented by the turret. On May 3, 2011, Defendant United States of America filed a Motion to Dismiss. The Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND.**

1

**PROCEDURAL HISTORY**

On February 4, 2011, Plaintiff Martin Mitchell filed a Complaint. (Doc. 1).

On March 29, 2011, Defendant Pacific Fleet Submarine Memorial Association, also known as or doing business as USS Bowfin Submarine Museum and Park, filed an Answer. (Doc. 7).

On May 3, 2011, Defendant United States of America filed a Motion to Dismiss. (Doc. 9).

On May 13, 2011, Defendant Pacific Fleet Submarine Memorial Association, also known as or doing business as USS Bowfin Submarine Museum and Park, filed a Statement of No Opposition to Defendant United States of America's Motion to Dismiss. (Doc. 12).

On May 20, 2011, Plaintiff filed an Opposition. (Doc. 13).

On June 6, 2011, Defendant United States of America filed a Reply. (Doc. 16).

Pursuant to Local Rule of Civil Procedure 7.2(d), the Court elected to decide the Motion without a hearing. (Doc. 14).

**BACKGROUND**

Plaintiff Martin Mitchell alleges that on February 24, 2009, he was severely injured while attempting to sit on a gun turret at the USS Bowfin Submarine Museum and Park (hereinafter "Bowfin Museum"). (Complaint at ¶ 12 (Doc. 1)). Mitchell claims that he paid a fee to enter the grounds of the Bowfin Museum, where the gun

turret was on display. (Id. at ¶ 13). He alleges that the gun turret was open and accessible to the public. (Id. at ¶¶ 13, 15).

According to Mitchell, the Bowfin Museum is located within the Pearl Harbor Arizona War Memorial (presently known as the World War II Valor in the Pacific National Monument), on premises belonging to Defendant United States of America ("United States" or "Government"). (Id. at ¶ 17). Defendant Pacific Fleet Submarine Memorial Association manages, operates, and maintains the Bowfin Museum, where the gun turret is located. (Id. at ¶ 16).

Mitchell claims that the Defendants are liable for negligently failing to maintain, inspect, guard, post warning signs, barricade, or otherwise correct an unreasonable risk of harm presented by the gun turret.

**STANDARD**

**I. Subject Matter Jurisdiction**

A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the constitutional or statutory power to adjudicate the case.

A court may consider extrinsic evidence in a 12(b)(1) motion to dismiss including:

> affidavits or any other evidence properly before the court . . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter

jurisdiction. Ass'n of American Medical Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000) (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (further citations omitted)).

When the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations. The existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (C.A. Wash. 1979); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 2005 WL 282138 (May 2, 2005).

The party seeking to invoke the jurisdiction of the Court has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Thornhill, 594 F.2d at 733. "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency," whereupon the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (holding that in a factual attack on subject matter jurisdiction, the Court may accept and evaluate evidence to determine whether jurisdiction exists).

If subject matter jurisdiction is challenged based on

sovereign immunity, "[t]he party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

**II. Failure to State a Claim**

The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil

5

Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

More recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

6

**ANALYSIS**

Defendant United States Moves to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Government argues that it is entitled to sovereign immunity from liability for Plaintiff's tort claim because it arises from conduct by non-government employees. The Government entered into a lease with the Pacific Fleet Submarine Memorial Association, which operates the Bowfin Museum where the gun turret is located. The Government states that it is not liable for injuries sustained by Plaintiff at the Bowfin Museum because the property was under the control of the Pacific Fleet Submarine Memorial Association pursuant to the lease.

**I.  Federal Torts Claims Act Waiver of Sovereign Immunity**

Courts lack subject matter jurisdiction over suits against the United States unless Congress has waived the Government's sovereign immunity. <u>Thompson v. United States</u>, 592 F.2d 1104, 1107 (9th cir. 1979). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, waives the United States' sovereign immunity from liability for the torts of its employees. The waiver extends to claims:

> . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA provides that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

### A. Control Over Leased Land

Plaintiff alleges that the Government is liable for negligently failing to guard against a hazardous condition on government-owned land. The Government argues that it is entitled to sovereign immunity from liability for this claim because it leases the land to the Pacific Fleet Submarine Memorial Association. According to the Government, the Pacific Fleet Submarine Memorial Association is responsible under the lease for protecting and maintaining the property where Plaintiff was allegedly injured. Any injuries suffered by Plaintiff would therefore have been caused by Pacific Fleet Submarine Memorial Association employees, not employees of the Government.

The FTCA waives the Government's sovereign immunity, requiring the United States to be liable for torts in the same manner and to the same extent as private individuals under like

circumstances, in accordance with the law of the place where the act or omission occurred. Xue Lu v. Powell, 621 F.3d 944, 947 (9th Cir. 2010). In Hawaii possessors of land are liable for negligently failing to take reasonable steps to eliminate or adequately warn against unreasonable risks of harm posed by conditions on their land. Bhakta v. County of Maui, 124 P.3d 943, 959 (Haw. 2005). A "possessor of land" is:

> (a) a person who is in occupation of the land with intent to control it or (b) a person who has been in occupation of the land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

Wemple ex rel. Dang v. Dahman, 83 P.3d 100, 108 (Haw. 2004) (quoting Restatement (Second) of Torts § 328E). A landowner's liability for negligence in connection with hazardous conditions on land turns on "the degree of control" the landowner exercises over the land. Id. The general rule is that a landowner is not liable for injuries occurring after a lessee takes possession of the land. Hao v. Campbell Estate, 869 P.2d 216, 218 (Haw. 1994) (citing the Restatement (Second) of Torts § 356).

The Government attached a copy of a lease for the subject property to its Motion to Dismiss. (Exhibit A (Doc. 9-3)). Plaintiff does not dispute that Exhibit A is an accurate copy of a lease for the Bowfin Museum entered into between the Government and the Pacific Fleet Submarine Memorial Association, and that it

9

was in effect at the time that Plaintiff was injured. The lease establishes that the Pacific Fleet Submarine Memorial Association had control over the Bowfin Museum, and was responsible for its operation and maintenance.

Part II(A) of the lease, concerning a "GENERAL MAINTENANCE OBLIGATION," requires the lessee to "protect, preserve, maintain and repair the Leased Property . . . ." (Id.).

Part II(I) of the lease expressly provides that the lessee shall indemnify and hold the Government harmless for any injuries to individuals arising from conditions on the property:

> Part II(I) INDEMNIFICATION BY LESSEE - GOVERNMENT NON-LIABILITY
>
> Lessee covenants that it will indemnify and save and hold harmless the Government . . . from any and all liability or claims for loss of or damage to any property owned by or in custody of Lessee, its officers, agents, servants, employees, subtenants, licensees, or invitees, or for the death or injury to any of the same which may arise out of or be attributable to the condition, state of repair or Lessee's use and occupancy of the Lease Property . . . .

(Id.).

The lease also establishes that the lessee has the right to make alternations to the property that are necessary for its use:

> Part II(J)(1) INSTALLATIONS, ALTERATIONS AND REMOVAL
> Lessee shall have the right . . . to make such minor improvements and addition to attach such removable fixtures . . . as may be necessary for its used of the Leased Property . . . .

(Id. at Part II(J)(1). The lease contains provisions for the Pacific Fleet Submarine Memorial Association to have control over

10

the Bowfin Museum and be responsible for its operation and maintenance.

Plaintiff argues that the gun turret was not part of the "Leased Property" under the lease. This argument is inconsistent with the language of the lease. Part I(6)(b) of the lease states that the "Lessee shall be responsible for the protection and security of all property associated with the Bowfin Park.

Plaintiff also argues that under Part II(L) of the lease, concerning "Access," and Part II(C), concerning "Easements and Rights of Way," the Government retained some control over the property. The "Access" provision allows the Government to access the property for "purposes that are not inconsistent with the quiet use and enjoyment thereof by Lessee." (Id. at Part II(L)). The "Easements and Rights of Way" provision allows the Government to grant additional easements and rights-of-way over the property. (Id. at Part II(C)). These provisions allow the Government some access to the property, but do not establish that the Government had day to day control over the property for liability purposes. See Wemple ex rel. Dang. v. Dahman, 83 P.3d 100, 111 (Haw. 2004) (municipality's statutory right to take over and regulate private roadway did not divest owners of control over the roadway). The lease provides for control of the premises by the Pacific Fleet Submarine Memorial Association. The Plaintiff does not argue, or allege, that the Government in fact exercised control over the

11

property despite the terms of lease.

## B. Exceptions To General Rule That Control Is Required For Liability

The Plaintiff argues that there are three exceptions to the general rule that a lessor is not liable for hazardous conditions on leased premises when the lessor lacks control over the premises. Plaintiff argues that the Government is liable under: (1) an exception based public admission to the land; (2) an exception for latent defects; and (3) a nuisance theory.

### 1. The Public Use Exception

The Hawaii Supreme Court has adopted the public use exception, as outlined in the Restatement (Second) of Torts § 359. Hao v. Campbell Estate, 868 P.2d 216, 220 (Haw. 1994). The public use exception provides that a landowner who leases land for a purpose which involves the admission of the public is liable for physical harm caused by conditions of the land that existed when the lessee took possession, if the landowner:

> (a) knows or by the exercise of reasonable care would discover that the condition involves an unreasonable risk of harm to such persons, and
>
> (b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and
>
> (c) fails to exercise reasonable care to discover or to

remedy the condition, or otherwise protect such persons against it.

Rest 2d Torts § 359. The public use exception only applies "when the lessor knows, or should know, that an unreasonably dangerous condition exists and that the lessee will admit the public before rectifying the dangerous condition." Hao, 868 P.2d at 220.

Plaintiff has not alleged facts to support the Government's liability under the public use exception. To survive a motion to dismiss for failure to state a claim, a complaint must "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). The complaint must contain "sufficient factual matter, accepted as true, to state a claim or relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 197, 1949 (2009). Plaintiff has not alleged that the gun turret was present when the lessee took possession. Nor has Plaintiff alleged that the Government had reason to expect that the lessee would admit the public before putting the gun turret in a safe condition, or any factual allegations that would support such an inference. Plaintiff fails to state a claim that the Government is liable for negligence under the public use exception.

**2. Latent Defect**

The Hawaii Supreme Court has adopted the latent defects exception, as outlined in the Restatement (Second) of Torts, § 358. Kole v. AMFAC, Inc., 750 P.2d 929, 931 (Haw. 1988). Under this rule, a landowner is liable for failing to disclose conditions that pose unreasonable risks of physical harm if:

> (a) the lessee does not know or have reason to know of the condition or the risk involved, and
>
> (b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.

Rest 2d Torts § 358. The "well-established" latent defects exception is that a landlord has a "duty to warn his tenant of dangerous conditions on the premises known to him but not obvious nor readily discoverable by his tenant." Kole, 750 P.2d at 931.

Plaintiff has not pled sufficient facts to support a claim that the Government is liable for failing to disclose a latent defect. To state a claim, Plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 197, 1949 (2009). Plaintiff alleges that he was injured when he "attempted to take a seat on a hazardous gun turret on display" at the Submarine Park. (Complaint at ¶ 12 (Doc. 1)). Plaintiff provides no detail regarding the manner in which he was injured by the gun turret. Plaintiff does not explain the harm that was posed by the turret or the manner in which he was injured by it. A suggestion

14

that the turret may have constituted a hidden defect that was not obvious or readily discoverable by the Bowfin Museum does not constitute a plausible claim. Plaintiff's suggestion that the gun turret constituted a hidden defect also directly contradicts the Complaint, in which Plaintiff alleges that both the Government and the Bowfin Museum "either knew or should have known that the above gun turret represented an unreasonable risk of harm, and therefore had actual and/or constructive notice of its unsafe condition." (Id. at ¶ 19). Plaintiff has not pled any alternative allegations that would support liability under the latent defect theory. There are no specific factual allegations to support a theory that there was a danger posed by the gun turret that was not readily discoverable by the Bowfin Museum. It cannot be inferred, merely based on Plaintiff's allegation that he was injured, that the gun turret posed an unreasonable danger or that it constituted a hidden defect. Plaintiff fails to state a claim that the Government is liable for failing to disclose a latent defect.

### 3. Nuisance

Plaintiff further argues that the Government is liable for his injuries because the gun turret constituted a nuisance. A "nuisance" is defined as:

> . . . that which unlawfully annoys or does damage to another, anything that works hurt, inconvenience, or damage, anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or

>which renders its ordinary use or physical occupation uncomfortable, and anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights.

Littleton v. State, 656 P.2d 1336, 1344 (Haw. 1982) (quoting 58 Am. Jur. 2d Nuisances § 1 at 555 (1971)).

Plaintiff alleges that he was injured when he attempted to sit on a stationary gun turret that was on display for museum visitors. Plaintiff's alleged injury does not fit within the common law meaning of "nuisance." A "nuisance" is an activity or condition that actively interferes with an individual's right to use and enjoy land. See Western Sunview Properties, LLC v. Federman, 338 F.Supp.2d 1106, 1116 (D. Haw. 2004) (A nuisance "has been defined as 'a nontrespassory invasion of another's interest in the private use and enjoyment of his land.'") (quoting Layton v. Yankee Caithness Joint Venture, 774 F.Supp. 576, 577 (D. Nev. 1991). The "central idea of nuisance is the unreasonable invasion" of a property interest. Lussier v. San Lorenzo Valley Water Dist., 206 Cal.App.3d 92, 100 (Cal. Ct. App. 1988). A typical example of a nuisance is smoke or fumes that invade an individual's property from another location. E.g., Olden c. LaFarge Corp., 203 F.R.D. 254 (E.D. Mich. 2001). Other common examples include noxious odors and unreasonably loud noise. E.g., Crea v. Crea, 16 P.3d 922 (Id. 2000) (odor from hog farm could be a nuisance); Schild v. Rubin, 232 Cal. App. 3d 755 (Cal. Ct. App. 1991) (excessive and inappropriate noise may constitute nuisance).

In Renz v. 33rd Dist. Agricultural Assn., 39 Cal. App. 4th 61 (Cal. Ct. App. 1995), for example, the court upheld a nuisance action based on noise and fumes that were emanating from fairgrounds during motorcycle races. The noise and fumes were nuisances because they affected persons outside of the fairgrounds, rather than simply individuals who chose to enter the fairgrounds to view the motorcycle races.

In City and County of Honolulu v. Cavness, 364 P.2d 646, 649 (Haw. 1961), the Hawaii Supreme Court ruled that an old, deteriorating building in a congested area adjacent to a public street of a city was a nuisance. In reaching its ruling, the court pointed out that the building was infested with termites, damaged by rot, beginning to buckle, and had a great risk of collapsing. Id. In the Littleton case, the Hawaii Supreme Court examined whether a telephone pole that was floating at the edge of the water of a public beach created a nuisance. 656 P.2d at 1344. The telephone pole struck the plaintiff who was standing in the water. Id. The Hawaii Supreme Court weighed the duties of the City and County of Honolulu and the State of Hawaii in their joint responsibilities to provide a beach free of unsanitary conditions or other debris that could create a public nuisance.

Plaintiff Mitchell in the case before the Court has not provided allegations that raise a claim for creation of a nuisance by the United States. Plaintiff does not allege that the gun

17

turret actively invaded his enjoyment of the Bowfin Museum grounds. According to the Plaintiff, his injuries only resulted after he attempted to take a seat on the gun turret. There is no allegation here of an unreasonable invasion of an expectation of enjoyment of property which is required to create a nuisance. Plaintiff has not alleged a common law cause of action against the United States for creation of a nuisance. See, e.g., Krauth v. Geller, 149 A.2d 271, 276-77 (N.J. 1959) (fireman who fell from balcony could not state a nuisance claim based on the landowner's negligent failure to install a railing); Grinde v. City of Watertown, 299 N.W. 196, 197 (Wis. 1939) (plaintiff who was injured by a dismantled slide that was laying on the ground at a city park could at most state a negligence claim, but not a nuisance claim).

Plaintiff fails to state a nuisance claim. Plaintiff is not given leave to amend to state a nuisance claim because it would be futile.

## CONCLUSION

The Government lacked control over the Bowfin Museum grounds where the gun turret was located pursuant to a lease with the Pacific Fleet Submarine Memorial Association. As the Government lacked control over the gun turret, the Government has not waived its sovereign immunity and conferred subject matter jurisdiction

18

over claims based on the gun turret, unless the Plaintiff can show that the Government is liable under a claim in which control over the gun turret is not required.

Plaintiff fails to state a claim that the Government is liable under a claim in which control over the gun turret is not required.  Plaintiff fails to state a negligence claim.  Plaintiff also fails to state a nuisance claim.  Defendant United States of America's Motion to Dismiss (Doc. 9) is **GRANTED WITH LEAVE TO AMEND.**

Plaintiff is granted leave to amend to allege factual allegations that support a claim that the Government is liable for negligence under either:

(1) the public use exception; or

(2) the latent defect exception.

These are exceptions to the general rule that a lessor is not liable for hazards on leased premises.  Plaintiff is cautioned that if he chooses to amend, his claims under these exceptions must be supported by sufficient factual allegations for it to be inferred that they are plausible.

Plaintiff is **not** given leave to assert:

(3) a nuisance claim.

Plaintiff is not given leave to assert a nuisance claim because it would be futile.  Plaintiff is not given leave to assert any claims other than a negligence claim under the public

use exception or a negligence claim under the latent defect exception.

Plaintiff shall file an amended complaint by October 6, 2011. If Plaintiff fails to do so, the Complaint against Defendant United States of America will be dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 9, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
---
Helen Gillmor
United States District Judge

*Martin Mitchell v. United States, et al.;* Civil No. 11-00088 HG-KSC; ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS WITH LEAVE TO AMEND.